Mulé v Sillerman (2020 NY Slip Op 01303)





Mulé v Sillerman


2020 NY Slip Op 01303


Decided on February 25, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 25, 2020

Renwick, J.P., Mazzarelli, Moulton, González, JJ.


11128A 654984/16 11128

[*1] Andrew Mulé, etc., Plaintiff-Appellant,
v
Robert F.X. Sillerman, Defendant, Peter C. Horan, et al., Defendants-Respondents.


Abbey Spanier, LLP, New York (Karin E. Fisch of counsel), for appellant.
Greenberg Traurig, LLP, New York (Robert A. Horowitz of counsel), for respondents.



Judgment, Supreme Court, New York County (Andrea Masley, J.), entered January 18, 2019, to the extent appealed from as limited by the briefs, dismissing the cause of action for breach of fiduciary duty in entering into the Exchange Agreement, unanimously affirmed, with costs. Appeal from order, same court and Justice, entered January 2, 2019, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
Plaintiff alleges that defendants-respondents (defendants), directors of defendant Function(x), Inc., breached their fiduciary duties to him and all other similarly situated minority public shareholders by failing to protect their interests in connection with the Exchange Agreement transactions, which were approved by defendant Sillerman, the company chairman, CEO, senior creditor and majority shareholder, and improperly benefitted Sillerman while diluting the value of the public shareholders' investment in the company. Defendants moved to dismiss on the ground, inter alia, that the company's certificate of incorporation contains a clause that exculpates them from personal liability for all claims by the company or its stockholders except for breaches of the duty of loyalty or good faith (i.e., "non-exculpated" claims), and that plaintiff failed to plead any non-exculpated claims.
Contrary to plaintiff's apparent contention, even if, as the motion court found, the allegation that Sillerman "stood on both sides of the Exchange Agreement transactions" subjects the transactions to entire fairness review, rather than the less exacting business judgment rule, plaintiff is nevertheless required to plead non-exculpated claims against defendants (In re Cornerstone Therapeutics Inc., Stockholder Litig. , 115 A3d 1173, 1180-1181 [Del 2015]), and this, as the motion court found, he failed to do.
With respect to the duty of loyalty, plaintiff does not allege facts that, if true, would establish that defendants were self-interested (see Cede & Co. v Technicolor, Inc. , 634 A2d 345, 362 [Del 1993]). There are no factual allegations that would establish that defendants were partial or non-independent. Moreover, plaintiff does not allege facts that would establish disloyalty, for example, that defendants were motivated to entrench Sillerman or that they engaged in fraud, abdicated any specific duty, or sold their votes (id. at 363). Plaintiff's allegations on that point are speculative or conclusory.
With respect to the duty of good faith, plaintiff does not allege facts that would establish that defendants intentionally acted with any purpose other than advancing the best interests of the corporation (see Stone v Ritter , 911 A2d 362, 369 [Del 2006]). Plaintiff does not allege facts that would establish that defendants intentionally acted to violate any law (see id. ). Notably, plaintiff does not allege that defendants undertook any improper action related to the Exchange Agreement. Plaintiff contends that the motion court erred in stating that there are no facts [*2]alleged that would establish that defendants acted with an intention to harm the company, rather than its minority shareholders. Plaintiff failed to allege facts that would establish that defendants intentionally harmed either Function(x) or its public minority shareholders. His allegations as to intent are speculative and conclusory.
Plaintiff alleges some facts that would establish that defendants failed to act (see Stone , 911 A2d at 369). However, these allegations fall short of establishing that defendants utterly failed to implement any safeguard against self-dealing by Sillerman. Plaintiff's general allegation that there were no safeguards is conclusory. His specific allegations are insufficient, because, taken together, they would not establish a sustained or systematic failure by defendants to exercise oversight (see Marchand v Barnhill , 212 A3d 805, 821 n 104 [Del 2019]). The specific allegations would establish merely that the directors could have, and perhaps should have, done more with regard to the Exchange Agreement transactions.
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 25, 2020
CLERK